LEMMON, Judge.
In this action plaintiff, claiming to be a creditor of the community which formerly existed between Peter Schulz (plaintiff’s son) and his divorced wife, seeks (1) to annul a judicial sale of immovable property made pursuant to a judgment which ordered partition by licitation and (2) to declare that the ownership of the property was still in Schulz and his former wife, subject to plaintiff’s mortgage which was executed and recorded after the judicial sale. The trial court dismissed the nullity suit on an exception of no cause of action, and plaintiff appealed.
The petition for nullity alleges the following facts, which we accept as true: On October 14, 1969 Schulz and his wife were divorced by judgment of the Civil District Court for the Parish of Orleans in Suit No. 465-498.[1] Neither the judgment of divorce nor the earlier judgment of separation in the same suit contained any reference to community property. On November 10, 1969 Mrs. Sandra Schulz filed, in the same proceeding, a petition for partition of the community property, and on April 12, 1971 judgment was rendered ordering the judicial sale of certain immovable property situated in Jefferson Parish. On March 1,1972 defendant Elaine Louviere purchased the property at the judicial sale.
Plaintiff’s attack on the validity of the judicial sale is based on the argument that the parties became co-owners of the property upon rendition of the judgment of divorce and C.C.P. art. 4603 limits venue in a suit for partition between co-owners to the parish where the immovable property is situated.
C.C.P. art. 44 provides that objections to venue are waived when the defendant fails to plead the declinatory exception timely. The article does specify certain cases in which venue is jurisdictional and may not be waived, but none of the enumerated exceptions are applicable here.
The defendant in the partition suit apparently failed to object timely to the venue.[2] The objection was therefore waived and cannot now be invoked by a person who was not a party to the partition suit as a basis for annulling the judgment which ordered the partition.
The judgment is affirmed.
AFFIRMED.

. Some of the dates stated in the petition are incorrect, but for purposes of this opinion we use the admittedly correct dates which appear elsewhere in the record and the briefs.

. There is no allegation in the petition for nullity that the partition proceeding was not commenced with a petition, followed by citation and service, answer, and judgment after trial.